In re McCANN.

(District Court, N. D. New York. May 27, 1918.)

BANKRUPTCY ⬦⬦266—SALE OF PROPERTY—RELEASE OF PURCHASER FROM BID.

Where liquors, etc., belonging to the bankrupt, were sold expressly subject to payment of war taxes by the purchaser, but the bid was not made or accepted on condition that arrangement to give bond for taxes could be effected and another offer nearly equaled the bid, the purchaser cannot be released from his bid on the theory that the liquors were appraised too high, or because he was unable to make arrangements for bond, etc.

---

⬦⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of Andrew McCann. On petition to review an order of the referee refusing to release the Citizens' Brewing Company from a bid for certain property sold it. Order of referee affirmed.

Review of order of referee refusing to release Citizens' Brewing Corporation from a bid of $800 for certain property sold to it through Mr. H. A. Rubino, and which at the time of such sale was subject to a tax due the United States.

Louis M. King, of Schenectady, N. Y., for plaintiff.
Mitchell A. Kohn, of Schenectady, N. Y., for trustee.

RAY, District Judge. The property in question consisting of a stock of liquors and cigars was duly advertised to be sold at public sale and the notice thereof duly published and served, contained this provision:

"The stock of liquors and cigars will be sold subject to the payment of the taxes of the War Tax Law, the purchaser to pay the tax and to furnish proof of payment of such tax before delivery."

At the sale made subject to such provision as to payment of this tax, which has never been changed or modified in any way, the Citizens' Brewing Corporation was represented, and made a bid through a Mr. Anglin of $650, which the referee refused to confirm or approve. The referee thereafter in behalf of the trustee received bids or offers at private sale, the highest offer at that time being $775, subject to such tax or condition, and this was made known to Mr. Rubino, representing the said Brewing Corporation. This offer was refused and Mr. Rubino notified. He offered to give $775, but the referee informed him that to obtain the property he must offer more than $775, whereupon he in behalf of the Brewing Corporation offered $800, and this was accepted.

It seems from the affidavit of Mr. Rubino that he expected at the time to be able to make some arrangement with the United States, by giving bond for this tax instead of paying it in cash, but in this he failed, and was advised the tax must be paid in cash. This was no part of the sale, and there is no claim that the offer of $800 was made or accepted on condition such arrangement as to a bond could be made.

In his affidavit Mr. Rubino states in substance that he supposed he could make the arrangement for a bond, and made his bid relying on that supposition; but he makes no claim that the referee or trustee was a party thereto, or held out any such inducement. It is claimed in the affidavit of Mr. King that the property was appraised at too large a valuation, and that $650 is the fair value. But Mr. King and Mr. Rubino were familiar with the property and circumstances, and the property could have been sold and would have been sold for $775, but for Mr. Rubino's bid of $800, and it would be unjust to the trustee and creditors to now relieve the Brewing Corporation from its bid or offer for the reason Mr. Rubino was disappointed in his expectations of being able to give a bond for the tax instead of paying same in cash. Many

sales would fail, and many delays and much expense be entailed, should purchasers be relieved of their bids on such grounds as are here presented.

The order of the referee is affirmed.